SIGNED.

Dated: March 9, 2020

Paul Sala, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re ) In Proceeding Under
) Chapter Eleven
CRC BROADCASTING )
COMPANY, )
) Case No. 2-20-bk-02349 PS
)
) ORDER AUTHORIZING
Debtor(s). ) APPOINTMENT OF COUNSEL
)
_____ )

Upon the Application of CRC Broadcasting Company, Debtor and Debtor-In-Possession, in the above-captioned bankruptcy proceeding, requesting that the law firm of Allan D. NewDelman, P.C. ("Firm") serve as bankruptcy counsel to the Debtor-In-Possession and upon the verified statements filed pursuant to Rules 2014 and 2016, <u>Rules of Bankruptcy Procedure</u> ("RBP"), and said Firm being duly admitted to practice in this Court, and the Court being advised that represent no adverse interest to the Debtor or this estate, and advised that the Firm is a disinterested party, pursuant to 11 U.S.C. §§ 101(14), 327, and 329, and the Court being advised that said employment is necessary and will be in the best interest of the debtor and this estate,

IT IS ORDERED that the Firm shall be employed as of March 6, 2020, the date that the this case was filed, to serve as bankruptcy counsel of the Debtor subject to the terms set forth in the Application with certain qualifications set forth hereinafter.

IT IS FURTHER ORDERED that there shall be no setoff against retainers, if the Firm has or does obtained retainers and no additional reimbursement of expenses, except upon appropriate

application.

IT IS FURTHER ORDERED that at the time the Firm submits its application for approval and payment of attorneys' fees and costs with the Bankruptcy Court, the Firm should comply fully with all provisions of RBP 2016, including providing the Court with a detailed billing statement attached to the application. The detailed billing statement should have the tasks performed by the Firm broken down on a daily basis in a detailed manner with the actual time expended, allotted to each task, so that the Court may ascertain how much time was expended by the Firm on research, drafting of a pleading, attendance of the Firm at a court hearing, etc. It is <u>not</u> acceptable to "lump" entries; that is, to list "research and draft motion." It is also not acceptable to have vague or incomplete entries, such as "telephone call to client" or "research on motion to vacate stay."

IT IS FURTHER ORDERED that any application submitted to the Court shall not include any requests for the payment of overhead. For instance, to the extent that the Firm includes overhead costs for computer-assisted research, for long distances telephone calls, for facsimile charges, etc., said overhead costs should be deleted from the actual requests for costs submitted to the Bankruptcy Court.

IT IS FURTHER ORDERED that the costs to be included in the application should constitute only the necessary and actual costs incurred by the Firm; therefore, such cost items as secretarial overtime, or similar charges, should not be included in the cost statements to be submitted to the Bankruptcy Court for approval.

IT IS FURTHER ORDERED that if the services rendered are not set forth in a detailed manner, or the costs are not broken down in a detailed manner with full explanation therefor, that the lack of detail may result in the denial of the fees or costs requested, or in the Court requesting additional information before the approval of the fees or costs requested.

IT IS FURTHER ORDERED that this Order is interim. The Debtor shall provide notice of

Case 2:20-bk-02349-PS   Doc 12   Filed 03/09/20   Entered 03/09/20 12:22:10   Desc
Main Document      Page 2 of 3

this Order to all parties entitled to notice under Bankruptcy Rule 2014 and 6003. If no objection is filed within twenty-one (21) days after service of the Order, the Debtor may file a Certificate of No Objection and this Order shall automatically become a final Order.

SIGNED AND DATED ABOVE